John J. McGrath (JM-2787)
Law Office of John J. McGrath
114 Old Country Road, Suite 212
Mineola, New York 11501
(516) 203-4009

Attorney for Plaintiff
DYTRA SEWELL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DYTRA SEWELL,

                            Plaintiff,

             -against-

MOLLOY COLLEGE. ROBERT TROLONGO,
individually and in his official capacity; DONNA
FITZGERALD, individually and in her official
Capacity; VALERIE COLLINS, individually and
in her official capacity; MARY JANE REILLY,
individually and in her official capacity,

                         Defendant(s).
-----------------------------------------------------------X

**COMPLAINT WITH**

Civil Action No.:   - CV -

*16   279*

COMPLAINT

    Plaintiff, DYTRA SEWELL, by her counsel, John J. McGrath, Esq., file this

complaint of race, national origin, gender and age discrimination as well as

sexual harassment.

NATURE OF THE CASE

    1.    This is an action to redress unlawful discrimination including in

violation of 42 U.S.C. 2000d, 42 U.S.C. §§ 1981, 1985, 1986, Breach of Contract,

New York State Executive Law § 296, et seq,. and other New York State Laws.

## JURISDICTION AND VENUE

2.      This court has original jurisdiction over this action pursuant to 28 USC § 1331 in that it arises under § 601 of Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000d.

3.      Jurisdiction is vested in this Court under § 601 of Title VI, 42 U.S.C. §2000d and all conditions precedent have occurred or been complied with. Venue in the Court is also proper under 28 U.S.C. § 1391(b) in that the Plaintiff resides within the Eastern District of New York, the Defendants are located within the Eastern District of New York, and that the acts and/or omissions giving rise to the claims in this complaint occurred within the Eastern District of New York.

## PARTIES

4.      The Plaintiff, DYTRA SEWELL resides at ▮▮▮▮▮▮ Street, ▮▮▮▮▮▮, New York ▮▮▮▮▮ which is within the boundaries of the Eastern District of New York.

5.      The Defendant, Molloy College, (hereinafter "Molloy") is, on information and belief, an institution of higher education located in Nassau County, in the state of New York and duly organized as such under the laws of that state.

6.      The Defendant Robert Trolongo (hereinafter "Trolongo") is a professor and employee of Molloy, as well as the program director for the Respiratory Care Program of the college and is being sued herein in his individual and official capacity. Trolongo is a Caucasian man.



 

7.     The Defendant, Donna Fitzgerald, is the Chairperson of the Respiratory Care Program of the College and is being sued in her individual and official capacity. Fitzgerald is a Caucasian woman.

8.     The Defendant, Valerie Collins, is the Vice President for Academic Affairs and the Dean of Molloy College and is being sued in her individual and official capacity.

9.     The Defendant, Mary Jane Reilly, the Associate Dean for Academic Services and Academic Integrity, is being sued in her individual and official capacity.

<u>STATEMENT OF FACTS</u>

10.     Plaintiff is a 51 years old African American female (d.o.b. ▉▉▉▉▉▉) and because of this she has been subjected to unlawful discriminatory actions.

11.     Plaintiff met all the requirements for admission to and entered the Respiratory Care Program (hereinafter "RCP") at Molloy College (hereinafter "Molloy") as a transfer student from York College of the City University of New York with 98 credits during the Winter Semester in 2006 (September 2006).[1]

12.     As a student in the RCP she accumulated 72 credits at Molloy between 2006 and the end of the Fall (Winter) semester of 2012.

13.     While she was a student at Molloy she attended classes with Professor Robert Trolongo who is also the Director of the RC program. During those classes the professor made disparaging remarks about women, African

---

[1] Of the 98 credits Ms. Sewell brought with her to Molloy 37 had been earned at Adelphi University in Garden City, New York.

3



Americans, various religious denominations, and creating a hostile environment for herself and the other students in her classes with him.

14.     During the Fall 2012 semester Long Island was hit with a terrible hurricane named Sandy. In the aftermath of that storm much of Long Island was without power and heat for a minimum of two weeks in early November of 2012.

15.     Plaintiff's mother passed away on the day Hurricane Sandy hit Long Island.

16.     Because of the vast disruption in all transportation systems, power systems, as well as the unseasonably cold temperatures that existed and persisted in the weeks and days after the storm passed Molloy issued a notice that students would be given wide latitude in demonstrating competence in the course work they were taking that semester.

17.     Notwithstanding the foregoing and despite the devastating loss of her mother's death on the first day of the storm plaintiff received no such latitude from her professors or the head of the program Robert Trolongo.

18.     On information and belief, other students who were not African American, females were given such latitude as a result of difficulties they experienced during the storm.

19.     Plaintiff was not notified that she was on academic probation from the RCP.

20.     At no time during the Fall 2012 semester was plaintiff advised that she was in danger of being expelled from the program for academic reasons.

21.     During that semester plaintiff received a grade of C in two courses she had taken that semester, Respiratory Science III and Computer Respitory Care.

22.     According to the Molloy course catalog a grade of C+ was required for all RCP courses in order to successfully complete the program.

23.     Plaintiff's grades were posted on or about December 19, 2012 just prior to Molloy's winter break.

24.     At no time was plaintiff advised that she was being expelled from the program.

25.     Plaintiff attempted to contact her professor in both courses, Robert Trolongo, to discuss her grades. Professor Trolongo was not available prior to the start of the Spring semester of 2013 when Molloy resumed classes after the Winter break.

26.     At no time during the Winter break did plaintiff receive any notification that she was being expelled from the RCP.

27.     On or about January 17, 2013, the day classes resumed, plaintiff attempted to register for classes. As a predicate to registering for class they needed to obtain approval from Donna Fitzgerald, Chairperson of the RCP at Molloy. When plaintiff went to obtain Ms. Fitzgerald's approval she was told for the first time that she had been expelled from the RCP.[2]

28.     Plaintiff, upset at being told for the first time on January 17th that she had been expelled from the RCP, went to see her college advisor, Professor

Lasandra Haynes. Professor Haynes advised plaintiff to speak to Mary Jane

Reilly, the Associate Dean for Academic Services and Academic Integrity, to see

whether she could transfer her RCP credits to qualify for the combined Health

Service Leadership and Humanities bachelors' degree.

29.     Plaintiff went to see Associate Dean of the RCP Mary Jane Reilly

the same day. She told plaintiff that since plaintiff had already repeated more

than one class and that in accordance with the rules of the program and, listed in

College Course Catalog, plaintiff was ineligible to continue in the RC program

and that it was too late to appeal the grades.

30.     Because plaintiff had not been informed of this prior to attempting

to register for class on January 17, 2013 she requested to meet with Ms. Reilly

the following day.

31.     On January 18, 2013 plaintiff met Ms. Reilly to discuss her further

degree options after her expulsion from the RC program. Plaintiff inquired as to

her ability to obtain her bachelors of science degree in Health Service Leadership

(HSL). Dean Reilly told her that wouldn't be possible because plaintiff had been

expelled from the RCP and that any RCP credits earned could not be used to

qualify for the bachelors of science in HSL.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
<u>42 U.S.C. SECTION 2000d</u>

32.     Plaintiff repeats and re-alleges each of the allegations made in

paragraphs 1 through 31 of this Complaint as if set forth more fully herein.

---

[2] When plaintiff first attempted to register for class she was told that she had to pay an overdue tuition bill of $5,000.00 before being allowed to register. It was only after she had paid the bill that she was then told she would not be permitted to register without an override from Ms. Fitzgerald we she did not receive.

33.     Plaintiff is an African American female.

34.     Certain Caucasian or male students in the RCP are routinely permitted to repeat courses beyond the stated limit in the Molloy College Course Catalog.

35.     The above discriminatory pattern and practice based on national origin, race, gender and color by defendants, their agents and employees violates 42 U.S.C. section 2000d, Title Vi of the Civil Rights Act of 1964, which prohibits discrimination on these bases under any program or activity receiving federal financial assistance.

36.     As a direct and proximate result of the acts complained of herein, plaintiff has suffered and continues to suffer deprivation of her degree, loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

37.     As a result of defendants' acts plaintiff suffered, and is entitled to, damages sustained to date and continuing in excess of $1,000,000.00, as well as punitive damages, costs and attorneys fees.

AS AND FOR A SECOND CAUSE OF ACTION

42 U.S.C. SECTION 1981

38.     Plaintiff repeats and re-alleges each of the allegations made in paragraphs 1 through 37 of this Complaint as if set forth more fully herein.

39.     The above discriminatory pattern and practice based on national origin, race, gender and color by defendants, their agents and employees

violates 42 U.S.C. section 1981 as amended by the Civil Rights Act of 1991
(Pub. Law No. 102-406).

40.     As a direct and proximate result of the acts complained of herein,
plaintiff has suffered and continues to suffer deprivation of her degree, loss of
employment, loss of income, loss of other employment benefits, and has suffered
and continues to suffer distress, humiliation, great expense, embarrassment, and
damage to her reputation.

41.     As a result of defendants' acts plaintiff suffered, and is entitled to,
damages sustained to date and continuing in excess of $1,000,000.00, as well as
punitive damages, costs and attorneys fees.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>

Breach of Contract

42.     Plaintiff repeats and re-alleges each of the allegations made in
paragraphs 1 through 41 of this Complaint as if set forth more fully herein.

43.     At the time of her enrollment, defendant Molloy College
represented to plaintiff based upon its own written college policies, publicized
through the college catalogue, student conduct manual and other means, that
plaintiff would not be treated in a discriminatory fashion based upon her race,
color, ethnic background, or gender.

44.     Defendants also publicized and set in place rules and procedures
for maintaining academic standing in the RC program. Plaintiff relied on these
procedures and sought to have them followed as was set forth by the
defendants. When defendants modified the rules to the benefit of certain

8

students and not the plaintiff defendants took from plaintiff her rights to the procedures set forth by the defendants in the college catalogue as modified by the defendants for other students.

45.     Plaintiff was denied the opportunity provided to other students to retake courses as many times as necessary in order to pass the course and graduate from the RC program.

46.     Defendants failed to notify plaintiff that she was in danger of obtaining a grade that would not permit her to remain in the program.

47.     Defendant Trolongo, with the support, cooperation, and permission of the other defendants, deliberately absented himself from the school after plaintiff's grades were posted so she would be unable to appeal her grade to him as required by the college rules for grade appeals. On information and belief he did not do this for other students who were Caucasian and/or male.

48.     Defendant Trolongo, with the support, cooperation, and permission of the other defendants, deliberately ignored the email sent to all students in the aftermath of Hurricane Sandy offering them extra-ordinary support to enable them to complete their course work rather than having to withdraw from their classes without penalty. On information and belief, defendant Trolongo denied such relief to the plaintiff but offered that relief to Caucasian and/or male students.

49.     Defendants are liable to plaintiff for breach of contract.

50.     As a direct and proximate result of the breach of contract complained of herein, plaintiff has suffered and continues to suffer deprivation of

9

her degree, loss of employment, loss of income, loss of other employment

benefits, and has suffered and continues to suffer distress, humiliation, great

expense, embarrassment, and damage to her reputation.

51.    As a result of defendants' acts plaintiff suffered, and is entitled to,

damages sustained to date and continuing in excess of $1,000,000.00, as well as

punitive damages, costs and attorneys fees.

<u>AS AND FOR A FOURTH CAUSE OF ACTION FOR SELECTIVE
ENFORCEMENT IN VIOLATION OF
THE NEW YORK STATE EXECUTIVE LAW SECTION 296</u>

52.    Plaintiff repeats and re-alleges each of the allegations made in

paragraphs 1 through 51 of this Complaint as if set forth more fully herein.

53.    Plaintiff is an African American woman.

54.    Students who are not African American or women who did not pass

more than one course were repeatedly allowed to take those and other courses

over and over until they passed and graduated from the RC program. Those

other students were allowed to do what plaintiff was not allowed to do by the

defendant Trolongo with the knowledge, cooperation, and permission of the other

defendants with the intent to discriminate against the plaintiff.

55.    Plaintiff, as compared to other similarly situated non African

American female students was selectively treated.

56.    Such treatment was based upon impermissible considerations of

age, race, color, ethnic origin, and gender in violation of New York Executive Law

section 296.

10

57.    As a direct and proximate result of the acts by the defendants complained of herein, plaintiff has suffered and continues to suffer deprivation of her degree, loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

58.    As a result of defendants' acts plaintiff suffered, and is entitled to, damages sustained to date and continuing in excess of $1,000,000.00, as well as punitive damages, costs and attorneys fees.

## AS AND FOR A FIFTH CAUSE OF ACTION

59.    Plaintiff repeats and re-alleges each of the allegations made in paragraphs 1 through 58 of this Complaint as if set forth more fully herein.

60.    Professor Trolongo and the other defendants are all members of the faculty of Molloy College. Moreover, they are all charged with the responsibility for managing the college's Respiratory Care Program.

61.    All the defendants knew that the rules of the RCP were not being followed with respect to the rule that a student could not repeat more than two classes when that student had not obtained a grade of C+.

62.    On information and belief all the defendants knew that Professor Trolongo had deliberately absented himself from access to plaintiff and others of his students' right after grades had been posted on December 19, 2012. Moreover, on information and belief, they knew that the purpose of his absenting himself at that time was to prevent the plaintiff from filing a timely grade appeal.

11

63.     On information and belief all the defendants knew they planned to expel the plaintiff and other African American female students from the RCP for violating this rule even though they also knew that other non African American students had been allowed to violate it and continue in the RCP.

64.     On information and belief all the defendants conspired to withhold the information that plaintiff and other African American female students would be expelled from the program until after the 30 day deadline for a grade appeal had expired.

65.     On information and belief all the defendants conspired with one another to ensure that plaintiff and other African American female students also failing to achieve a grade of C+ in more than two classes would not have the opportunity to file grade appeals during the Fall 2012 semester.

66.     All the defendants had conspired for years to allow students in the RCP to ignore the program's limitation of repeating just two classes where the student achieved a grade less than C+.

67.     On information and belief all the defendants knew that the plaintiff met the requirement for a C+ grade based upon the circumstances of the disaster of Hurricane Sandy in October and November of 2012 and based on the special accommodations the college required to be provided to all students as a result of that disaster.

68.     On information and belief all the defendants knew that the plaintiff and other African American female students were not provided these accommodations by Dr. Trolongo who failed to provide them for the improper

12

purpose of expelling them from the RCP on the basis of their age, race, ethnic

origin, gender and religious affiliations.

69.    On information and belief all the defendants conspired together for

the purpose of expelling plaintiff and other African American female students in

violation of their rights under the law.

70.    On information and belief this conspiracy constitutes an enterprise

for the purposes of the Racketeer Influenced and Corrupt Organization Act, 18

U.S.C. section 1961 et seq., ("RICO").

71.    On information and belief the acts complained of herein could not

have occurred without the participation of all the individuals involved and that

those acts were not performed as individual wrongs in isolation from one another.

72.    On information and belief the defendants acted in concert with one

another for the express purposes alleged in the complaint and that each and

every one of the defendants acted to achieve the common purpose of their

enterprise.

73.    As a direct and proximate result of the acts by the defendants

complained of herein, plaintiff has suffered and continues to suffer deprivation of

her degree, loss of employment, loss of income, loss of other employment

benefits, and has suffered and continues to suffer distress, humiliation, great

expense, embarrassment, and damage to her reputation.

74.    As a result of defendants' acts plaintiff suffered, and is entitled to,

triple damages sustained to date and continuing in excess of $1,000,000.00, as

well as punitive damages, costs and attorneys fees.

13

## REQUESTED RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant and requests for the following relief:

A.      On the first cause of action: in excess of $1,000,000.00 in compensatory damages, punitive damages, costs and attorneys fees; AND

B.      On the second cause of action: in excess of $1,000,000.00 in compensatory damages, punitive damages, costs and attorneys fees; AND

C.      On the third cause of action: in excess of $1,000,000.00 in compensatory damages, punitive damages, costs and attorneys fees; AND

D.      On the fourth cause of action: in excess of $1,000,000.00 in compensatory damages, punitive damages, costs and attorneys fees; AND

E.      On the fifth cause of action: triple damages in addition to $1,000,000.00 in compensatory damages, punitive damages, costs and attorneys fees; AND;

F.      Such other and further relief the court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues which may be so tried.

DATED:      May 20, 2015
            Mineola, New York

                        Respectfully submitted,
                        John J. McGrath (JM 2787)
                        114 Old Country Road, Suite 212
                        Mineola, New York 11501
                        (516) 299-6509

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DYTRA SEWELL,

                                           VERIFICATION

                      Plaintiff, .           Civil Action No.:  - CV -

          -against-


MOLLOY COLLEGE. ROBERT TROLONGO,
individually and in his official capacity; DONNA
FITZGERALD, individually and in her official
Capacity; VALERIE COLLINS, individually and
in her official capacity; MARY JANE REILLY,
individually and in her official capacity,

                     Defendants.
-------------------------------------------------------------X

VERIFICATION:

    I, Dytra Sewell, the plaintiff in the above titled action hereby affirm under penalty of perjury that I have read the foregoing verified complaint, know the contents thereof, and believe it to be true.

    The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are upon information and belief and as such deponent believes them to be true.

Dated: MINEOLA, NY
       May 20, 2015

                         Dytra Sewell

Sworn to Before Me This 20TH
Day of May 2015

Notary Public

                       GRAHAM W. KISTLER
                 NOTARY PUBLIC, State of New York
                    No. 02KI5085453
                    Qualified in Nassau County
            Commission Expires, Dec. 30, 2018